## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 09-CR-20040-JAR** |
| **KENNON D. THOMAS,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

This case is before the Court on Petitioner Kennon D. Thomas's Motion to Vacate his

sentence and conviction (Doc. 75), brought pursuant to 28 U.S.C. § 2255.  In his motion,

Thomas contends that he was denied effective assistance of counsel.  The Court has already

granted Thomas's motion to vacate his sentence and released him on conditions of supervision

on February 16, 2016.  The remaining issue to be decided by the Court is whether Thomas's

conviction must also be vacated.  This Court has received extensive briefing by both parties and

has held multiple hearings on the issues raised in Thomas's motion, and the Court is now

prepared to rule.  For the reasons explained below, Thomas's motion to vacate his conviction is

denied.

### I.    Procedural Background

Thomas was indicted by a grand jury in 2009 for unlawfully possessing a firearm in

violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), based on two prior Kansas convictions of

Eluding a Police Officer.[1]  The Indictment stated that both prior crimes were punishable in

---

[1] Doc. 1.

Kansas by terms of imprisonment of over one year.[2]  Thomas pled guilty before Judge Monti

Belot to the charge in the Indictment in August 2009.[3]  At sentencing, Judge Belot found that

Thomas's two prior convictions were not crimes of violence for the purposes of a sentencing

enhancement under U.S.S.G. § 2K2.1(a)(2) and determined that Thomas's total offense level was

12 (after a two-level reduction for acceptance of responsibility) and his criminal history category

was VI.[4]  Accordingly, Thomas received a sentence of 33 months in prison and three years of

supervised release.[5]

      The Government appealed Thomas's sentence, arguing that his two prior convictions

were crimes of violence.[6]  The Tenth Circuit held that the prior fleeing and eluding convictions

were crimes of violence, and it reversed and remanded the case for resentencing.[7]  When the case

was set for resentencing, Thomas had finished serving his prison sentence and was on supervised

release.  Thomas failed to appear for resentencing on September 26, 2011, and a bench warrant

for his arrest was issued the following day.[8]  He was arrested in the Western District of

Tennessee in February 2013,[9] and on May 10, 2013 at resentencing before Judge Belot, Thomas

received a sentence of 110 months' imprisonment and three years of supervised release.[10]  That

sentence was based on a total offense level of 26, which included the enhancement for two prior

---

[2] *Id.*

[3] Doc. 22.

[4] Doc. 31.

[5] Doc. 30.

[6] *See United States v. Thomas*, 643 F.3d 802 (10th Cir. 2011).

[7] *Id.* at 806.

[8] *See* Doc. 50.

[9] *See* Doc. 52.

[10] Doc. 60.

felony crimes of violence pursuant to U.S.S.G. § 2K2.1(a)(2).[11]  He also received a two-level adjustment for obstruction of justice, and no longer received the downward adjustment for acceptance of responsibility due to his failure to appear at resentencing in 2011.[12]

Thomas filed the present Motion to Vacate[13] *pro se* on March 30, 2015.  Thomas argued that he received ineffective assistance of counsel at resentencing because neither of his prior Kansas convictions for fleeing and eluding were felonies because he could not have received a prison sentence longer than one year for either offense.  Thus, he argued, he should not have received the sentencing enhancement under the Guidelines, nor should he have been convicted of being a felon in possession of a firearm.  The Government filed its Response in opposition on May 29, 2015, conceding that Thomas's 2004 fleeing and eluding conviction was punishable by a prison sentence of less than one year, and therefore was not a felony that could form the basis of the sentencing enhancement.[14]  It further conceded that Thomas received ineffective assistance of counsel for his attorney's failure to argue that point at sentencing.[15]  It maintained, however, that his 2007 fleeing and eluding conviction was punishable by 13 months' imprisonment, and claimed that his Guidelines range would not greatly differ from the sentence he received in 2013.[16]  Thomas filed his Reply on June 23, 2015.[17]  After the motion was fully

---

[11] Doc. 56 at 5.

[12] *Id.*

[13] Doc. 75.

[14] Doc. 77 at 9.

[15] *Id.* at 10.

[16] *Id.* at 9, 11.

[17] Doc. 78.

briefed, Judge Belot ordered[18] the parties to submit further briefing on the application, if any, of the Supreme Court's recent ruling in *Johnson v. United States*.[19]  In the meantime, Judge Belot granted Thomas's motion to appoint counsel[20] and the case was later reassigned to this Court.

A hearing on the motion to vacate was held on December 21, 2015; the Court ordered further briefing addressing whether *Johnson* should be applied retroactively to Thomas's case and the effect of *United States v. Madrid*,[21] a Tenth Circuit case that struck down the residual clause of the Sentencing Guidelines based on the same reasoning as the Supreme Court's decision in *Johnson*.[22]  The Court also ordered the preparation of a supplemental Presentence Investigation Report ("PSIR") in light of *Johnson* and the Government's concession that the 2004 conviction was not a felony crime of violence for sentencing purposes.[23]  The Court granted Thomas permission to further brief another ground raised by his motion but not fully addressed by the parties; namely, his contention that because his prior convictions were not felonies, he was not prohibited by law from possessing a firearm and thus his conviction based on 18 U.S.C. § 922(g)(1) should be vacated.[24]

The Court held another hearing on February 16, 2016.  Based on the supplemental PSIR and the briefing by the parties, the Court determined that Thomas's sentence range, without the § 2K2.1(a)(2) sentencing enhancement, would be 41-51 months.  Because Thomas had already

---

[18] Doc. 79.

[19] --U.S.--, 135 S. Ct. 2551 (2015).

[20] *See* Docs. 80, 81.

[21] 805 F.3d 1204 (10th Cir. 2015).

[22] *Id.* at 1210.

[23] Doc. 92.

[24] Doc. 94.

served about 66 months in prison at that point, the Court ordered that he be released on conditions of supervision.  The Government requested and the Court granted leave to file an additional response to Thomas's motion, focusing on his argument that his conviction should be vacated.  It filed its Response on March 24, 2016,[25] and Thomas filed a Reply on April 1, 2016.[26]

The Court heard oral argument specifically on the issue of Thomas's conviction on April 8, 2016.  On May 23, 2016, the Court requested that the parties file simultaneous briefs addressing two additional questions: whether the Court would have had jurisdiction at the time of Thomas's 2013 resentencing to set aside his conviction if his counsel had argued for such a result, and whether Thomas's plea agreement waived that argument.[27]  The parties filed their simultaneous briefs on June 7, 2016.[28]  Both parties noted that the Court's second question was irrelevant because Thomas entered his 2009 guilty plea without the benefit of a plea agreement.

## II.    Discussion

As a threshold matter, the Government argues that Thomas did not raise the issue of vacating his conviction as an ineffective assistance of counsel claim, but instead that he raised it as an actual innocence claim.  The Court disagrees and finds that Thomas did raise this issue in the context of an ineffective assistance of counsel claim in his original Motion to Vacate filed on March 30, 2015.  In that motion, which Thomas filed *pro se*, he argued that both his sentence and his conviction should be vacated in light of *United States v. Brooks*,[29] stating, "these Kansas State convictions do not qualify as felony convictions for purposes of federal law because the

---

[25] Doc. 107.

[26] Doc. 108.

[27] Doc. 110.

[28] Docs. 111 and 112.

[29] 751 F.3d 1204 (10th Cir. 2014).

offenses were not punishable by imprisonment for a term exceeding one year."[30]  Thomas later states that "[i]n light of *Brooks*, which held that certain Kansas convictions do not qualify as felony convictions for purposes of federal law, petitioner asserts that he was not prohibited from possessing a firearm under § 922(g)(1)."[31]  The motion contains two headings: "Ineffective Assistance of Counsel" and below that, "Argument."[32]  The "Argument" heading appears to mark a subsection under the "Ineffective Assistance of Counsel" section.  Under both headings, Thomas's motion deals mostly with ineffective assistance of counsel.  Near the end of the motion, he adds that he is also actually innocent of the offense based on *Brooks*.  Even though Thomas, at the time a *pro se* litigant, conflated his ineffective assistance of counsel claims with actual innocence, the *Brooks* argument he raised in his motion was obviously intended to apply to both his sentence and his conviction.  The Court therefore finds that his argument to vacate his conviction in the context of an ineffective assistance claim is properly before the Court and ripe for decision.

Even if the Court were to find that Thomas did not make the argument about his conviction in the ineffective assistance context in his original motion, it is clear that the relation back doctrine allows the Court to consider his claim.  The Supreme Court has stated that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order."[33]  Even if Thomas's original motion to vacate his conviction rested on a theory of actual innocence, therefore, it is still proper to consider his

---

[30] Doc. 75 at 5.

[31] *Id.* at 9.

[32] *Id.* at 4-5.

[33] *Mayle v. Felix*, 545 U.S. 644, 664 (2005).  *See also* 3 J. Moore, et al., Moore's Federal Practice § 15.19[2], p. 15–82 (3d ed. 2004) (relation back ordinarily allowed "when the new claim is based on the same facts as the original pleading and only changes the legal theory").

arguments in the context of ineffective assistance of counsel, as he requests, because this is merely a different legal theory based on the same operative facts.  The Court therefore proceeds to consider the merits of Thomas's ineffective assistance claim as it relates to his conviction.

### A.  Legal Standard

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."[34]  To establish a claim for ineffective assistance of counsel, a petitioner must make a two-part showing, as explained in *Strickland v. Washington*.[35]  First, the petitioner must show that his "counsel's representation fell below an objective standard of reasonableness.[36]  Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[37]

Under the first prong of the *Strickland* test, the petitioner must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[38]  Strategic or tactical decisions on the part of counsel are presumed correct, unless they were "completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy."[39]  Counsel's conduct must fall "outside the wide range of professionally competent assistance."[40]  Because scrutiny of counsel's

---

[34] U.S. Const. amend. VI; *Kansas v. Ventris*, 556 U.S. 586 (2009).

[35] 466 U.S. 668 (1984).

[36] *Id.* at 688.

[37] *Id.* at 694.

[38] *Hanson v. Sherrod*, 797 F.3d 810, 826 (10th Cir. 2015) (quoting *Strickland*, 466 U.S. at 687).

[39] *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (quotations and citations omitted).

[40] *Strickland*, 466 U.S. at 690.

performance is "highly deferential," there is a strong presumption that counsel's conduct is reasonable[41] and "adequate . . . in the exercise of reasonable professional judgment."[42] Counsel's conduct should be evaluated from counsel's perspective at the time of the alleged error,[43] not in hindsight.[44]

To meet the second prong, the petitioner must demonstrate that counsel's error prejudiced the outcome of trial by showing "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."[45] Reasonable probability is "a probability sufficient to undermine confidence in the outcome."[46] The prejudice element does not require a showing that it is more likely than not that counsel's conduct would have altered the outcome of the case[47] but rather that counsel's errors deprived petitioner of a fair trial.[48]

A defendant must demonstrate both *Strickland* prongs to establish a claim of ineffective assistance of counsel, and a failure to prove either one is dispositive.[49] While the Sixth Amendment guarantees that counsel's assistance will "fall within the wide range of reasonable

---

[41] *Id.* at 694.

[42] *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (quoting *Burt v. Titlow*, 134 S. Ct. 10 (2013)).

[43] *United States v. Challoner*, 583 F.3d 745, 749 (10th Cir. 2009) (quoting *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994)).

[44] *Chavez v. McKinna*, 41 F. App'x 319, 323 (citing *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998)).

[45] *Hanson*, 797 F.3d at 826 (quoting *Strickland*, 466 U.S. at 695).

[46] *Id.*

[47] *Byrd v. Workman*, 645 F.3d 1159, 1169 (10th Cir. 2011).

[48] *Maryland v. Kulbicki*, 136 S. Ct. 2, 3 (2015) (citing *Strickland*, 466 U.S. at 687).

[49] *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000) (quoting *Strickland*, 466 U.S. at 697) ("The performance component need not be addressed first. 'If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'"); *see also Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever *Strickland* prong is the easier to resolve.").

professional assistance," it does not require counsel to be clairvoyant[50] or foresee every future development in the law.  In the present case, the Court finds that Thomas cannot satisfy the first prong of the *Strickland* test.  His counsel did not perform deficiently by failing to argue that Thomas's presumptive probation sentence rendered his 2007 conviction not punishable by imprisonment for more than one year.

### B.  Prior Convictions and Pre-*Brooks* Precedent

Thomas argues that neither his 2004 nor his 2007 Kansas convictions for fleeing and eluding a police officer are felonies because he was not subject to imprisonment for more than one year, as required under federal law.[51]  Because his prior convictions are not felonies, he contends, he was not a prohibited person according to 18 U.S.C. § 922(g)(1) and his attorney was ineffective for failing to argue to vacate his conviction or withdraw his plea at his resentencing in 2013.

It is clear that Thomas's 2004 conviction should not have been classified as a felony because at the very most, it was punishable by only nine months' imprisonment.  The Government concedes this and also concedes that Thomas's counsel was ineffective for failing to challenge the sentencing enhancement on this basis, even though *United States v. Brooks* had not yet been decided by the Tenth Circuit.  In *Brooks,* the court overruled its prior decision in *United States v. Hill*,[52] which required courts to take into account the largest possible recidivist enhancement when calculating whether a prior offense was punishable by a certain amount of

---

[50] *United States v. Harms*, 371 F.3d 1208, 1212 (10th Cir. 2004).

[51] 18 U.S.C. § 922(g)(1) ("It shall be unlawful for any person . . . *who has been convicted in any court of[ ] a crime punishable for a term exceeding one year*[] to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.") (emphasis added).

[52] 539 F.3d 1213 (10th Cir. 2008).

prison time, even if that defendant was not a recidivist.[53]  *Brooks* held that "in determining whether a state offense was punishable by a certain amount of imprisonment, the maximum amount of prison time a *particular* defendant could have received controls, rather than the amount of time the worst imaginable recidivist could have received."[54]  This change was based on the Supreme Court's holding in *Carachuri-Rosendo v. Holder*,[55] in which the Court clarified the ruling on which *Hill* was based[56] and proscribed the use of hypotheticals in determining whether a defendant's prior sentence was punishable by more than one year imprisonment.[57]  After *Carachuri-Rosendo*, the Fourth[58] and Eighth[59] Circuits decided cases that overturned prior circuit precedent regarding this question.[60]  The Eighth Circuit case, *Haltiwanger*, is especially relevant to Thomas because it involved a prior Kansas conviction; the court recognized that "[b]ecause the Kansas sentencing structure links maximum terms of imprisonment directly to a particular defendant's recidivism (or lack thereof), we believe *Carachuri-Rosendo* and

---

[53] *Id.* at 1221.

[54] *Brooks*, 751 F.3d at 1213.

[55] 560 U.S. 563 (2010).

[56] *United States v. Rodriquez*, 553 U.S. 377 (2008).

[57] *Carachuri-Rosendo*, 560 U.S. at 582.

[58] *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (holding that a defendant's prior conviction was not punishable by more than one year in prison where the state did not attempt to prove aggravating factors that would increase his sentence beyond six to eight months of community punishment, and thus he was not subject to a sentencing enhancement for his federal conviction).

[59] *United States v. Haltiwanger*, 637 F.3d 881 (8th Cir. 2011) (holding that the maximum sentence the defendant could have received for his prior Kansas conviction was seven months because he was not found to be a recidivist, and thus he was not subject to a sentence of more than one year in prison).

[60] In addition, the Sixth Circuit's existing precedent, *United States v. Pruitt*, 545 F.3d 416 (6th Cir. 2008), was already in line with the conclusion reached in *Carachuri-Rosendo*, and reflected a different interpretation of *Rodriquez* than the Tenth Circuit announced in *Hill*.

*Rodriquez* require us to take into account the seven-month cap on Haltiwanger's individual sentence when determining whether the tax stamp conviction qualifies as a felony . . . ."[61]

The pre-*Brooks* Supreme Court and circuit case law, therefore, beginning with *Carachuri-Rosendo* and including *Pruitt*, *Haltiwanger*, and *Simmons*, all point to the fact that Thomas's 2004 conviction should not have been classified as a felony. *Haltiwanger*, although an Eighth Circuit case, provided a clear framework for Thomas's lawyer to argue that his 2004 conviction was not a felony for purposes of the sentencing enhancement.

Furthermore, if it were clear that Thomas's 2007 conviction was similarly not punishable by a term of imprisonment of over one year, pre-*Brooks* precedent would have provided a basis on which Thomas's counsel could have—and should have—argued that neither of his prior convictions were felonies. In those circumstances, a challenge to Thomas's status as a prohibited person under 18 U.S.C. § 922(g)(1), and consequently to his conviction, would more likely have been successful, and this Court would be in a different position regarding his ineffective assistance of counsel claim. However, it is not clear that Thomas's 2007 conviction was not a felony. Rather, Thomas's counsel would have been making a very novel argument had he contended at the time of Thomas's 2013 resentencing that his 2007 conviction was not punishable by a prison term exceeding one year. To hold that counsel was required to make such a novel argument in order to provide effective assistance of counsel would be a very broad reading of the first prong of the *Strickland* test, and it would be contrary to the deferential standard the Court must apply.

---

[61] *Haltiwanger*, 637 F.3d at 883.

### C.  Kansas Sentencing Structure

Thomas was sentenced for his 2007 fleeing and eluding conviction on March 6, 2008.  At that time, K.S.A. § 21-4704 was the applicable sentencing statute for non-drug offenses.  The statute contains a grid that sets out the sentencing range for non-drug offenses based on the severity level of the crime, located on the vertical axis, and the individual's criminal history category, located on the horizontal axis.[62]  Each box contains three potential sentences: a mitigated, a standard, and an aggravated sentence.  "The sentencing court has discretion to sentence at any place within the sentencing range.  The sentencing judge shall select the center of the range in the usual case and reserve the upper and lower limits for aggravating and mitigating factors insufficient to warrant a departure."[63]  Although the statute suggests that the sentence should be the standard number in the absence of aggravating or mitigating factors, the Kansas Supreme Court has held that the sentencing judge need not justify giving the higher or lower sentence.[64]  In fact, as long as the sentence is one of the options within the correct box, the judge's sentencing decision cannot be appealed.[65]

According to the statute, "[t]he sentencing guidelines grid for non-drug crimes as provided in this section defines presumptive punishments for felony convictions, subject to judicial discretion to deviate for substantial and compelling reasons and impose a different sentence in recognition of aggravating and mitigating factors as provided in this act."[66]  Thus, the boxes on the lower right side of the grid are shaded, indicating that they carry a sentence of

---

[62] K.S.A. § 21-4704(c) (2008).

[63] K.S.A. § 21-4704(e)(1) (2008).

[64] *Id.*

[65] *State v. Johnson*, 190 P.3d 207, 225 (Kan. 2008).

[66] K.S.A. § 21-4704(d) (2008).

presumptive probation.[67]  Boxes on the left and upper part of the grid are blank, indicating that they carry a sentence of presumptive imprisonment.[68]  The striped boxes in between fall on the border between presumptive probation and presumptive imprisonment.[69]

Unlike aggravated or mitigated sentences within the sentencing box, a sentencing judge is required to make findings of fact to justify a sentence that differs from the dispositional presumptive sentence.[70]  If a sentencing judge imposes a prison sentence for a defendant whose sentencing range falls in the presumptive probation section of the grid, for example, that sentence is considered a departure and is reviewable on appeal to determine "whether the sentencing court's findings of fact and reasons justifying a departure: (1) [a]re supported by the evidence in the record; and (2) constitute substantial and compelling reasons for departure."[71]  Although the Kansas Supreme Court has held that a dispositional departure from the presumptive sentence does not implicate *Apprendi v. New Jersey*[72] and thus does not require a jury to find facts beyond a reasonable doubt,[73] the sentencing judge does have to present substantial and compelling reasons to justify a dispositional departure.[74]  If a defendant is subject to a presumptive probation

---

[67] K.S.A. § 21-4704(f) (2008).

[68] *Id.*

[69] *Id.*

[70] *See State v. McKay*, 26 P.3d 58, 60 (Kan. 2001).

[71] K.S.A. § 21-4721(d) (2008); *McKay*, 26 P.3d at 60.

[72] 530 U.S. 466 (2000).

[73] *State v. Carr*, 53 P.3d 843, 850 (Kan. 2002).

[74] *See id* ("In this case, both the frequency of Carr's past criminal activity and the fact he was released from the youth facility such a short time before his arrest for his current crime constituted substantial and compelling reasons for departure.").

sentence, the sentencing judge announces both the length of the probation sentence as well as the underlying prison sentence, which is based on the numbers in the sentencing box.[75]

At sentencing for Thomas's 2007 fleeing and eluding conviction, the sentencing judge determined that the severity level of the offense was 9 and Thomas's criminal history classification was C.  He thus fell into box 9-C on the sentencing grid, which is in the presumptive probation section of the grid.  The underlying prison sentence corresponding to his sentencing box ranged from an 11-month mitigated sentence to a 13-month aggravated sentence. Thomas was sentenced to twelve months of probation with an underlying prison sentence of twelve months, the standard presumptive sentence in box 9-C.[76]  The judge did not make any findings of fact to justify a dispositional departure, and indeed did not depart from the presumptive sentence that corresponded to box 9-C.  If the sentencing judge had chosen to make such findings and sentence Thomas to prison, rather than probation, Thomas could potentially have been sentenced to thirteen months' imprisonment. The Government argues that thirteen months was therefore the maximum sentence Thomas could have received, and thus his conviction was a felony.  Thomas's argument is essentially that without any presentation by the sentencing judge of substantial and compelling reasons for a dispositional departure, the maximum sentence Thomas could have received was probation.

It does not appear that any court in this Circuit has held that a presumptive sentence of probation means that the crime is punishable by only probation and not imprisonment.  One court in this District has held the opposite—that the maximum sentence a defendant faced for a prior conviction included prison time, even though it fell into the presumptive probation range—

---

[75] K.S.A. § 21-4704(e)(3) (2008).

[76] Doc. 77, Ex. 2.

although that decision was rendered before *Carachuri-Rosendo* and its progeny.[77]  The Court also notes that the defendants' Kansas sentences in *Haltiwanger* and *Brooks* would likely have fallen into the presumptive probation section of the grid.[78]  Neither argued that probation was their maximum possible sentence because even if they had received prison sentences they would not have exceeded twelve months, so such an argument was unnecessary.

In short, the answer to this question has apparently never fully been resolved.  Although some attorneys might have realized that there was an opportunity to argue that the 2007 conviction should not be classified as a felony, such an argument was not required to be made in order to provide effective assistance of counsel.  Failure to argue such a novel and unsettled point did not amount to a deficient performance by Thomas's counsel at sentencing.  To hold otherwise would require a level of creative thinking on the part of defense lawyers that, while perhaps something to which counsel should strive, goes beyond the standard contemplated by *Strickland.*  The Court therefore denies Thomas's claim of ineffective assistance of counsel and declines to vacate his conviction.

## III.    Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the petitioner.  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing

---

[77] *United States v. Wattree*, 544 F. Supp. 2d 1262, 1272 (D. Kan. 2008).

[78] Haltiwanger was convicted in Kansas of failure to affix a drug tax stamp.  At sentencing for that conviction, his criminal history category was found to be I and the offence was classified as a level 10 felony.  The longest prison sentence he could receive was seven months, and his sentence fell into the presumptive probation section of the sentencing grid.  *Haltiwanger*, 637 F.3d at 882.   Brooks was convicted in Kansas of fleeing and eluding, and the court said that he was subject to a sentence of no more than 7 months imprisonment for that offense, putting him in the presumptive probation section of the grid. *Brooks*, 751 F.3d at 1208, Appendix.

of the denial of a constitutional right."[79]  A petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[80]  A petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA.  He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[81]  For the reasons detailed in this Memorandum and Order, Thomas has not made a substantial showing of the denial of a constitutional right, and the Court denies a COA as to its ruling on his § 2255 motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Kennon D. Thomas's motion to vacate his conviction pursuant to § 2255 is denied.  He is also denied a COA.

**IT IS SO ORDERED.**


Dated: July 29, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[79] 28 U.S.C. § 2253(c)(2).

[80] *Saiz v. Ortiz,* 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke,* 542 U.S. 274, 282 (2004)).

[81] *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).